# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re*: **J.H.**

**No. 17-0192** (Kanawha County 16-JA-507)

**FILED**

**September 5, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father C.H., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's January 23, 2017, order terminating his parental rights to J.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Jennifer N. Taylor, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying him an improvement period.[2]

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner also alleges that the circuit court erred in terminating his parental rights. However, the Court will not address this assignment of error, in as much as petitioner failed to support his assertion with a single case or a citation to the record. These failures are in direct contradiction of this Court's Rules of Appellate Procedure and specific directions issued by administrative order. Specifically, Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument exhibiting clearly the points of fact and law presented, the standard of review applicable, *and citing the authorities relied on . . . [and] must contain appropriate and specific citations to the record on appeal[.]* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(emphasis added). Additionally, in an Administrative Order entered December 10, 2012, *Re: Filings That Do Not Comply With the Rules of Appellate Procedure*, then-Chief Justice Menis E. Ketchum specifically noted in paragraph two that "[b]riefs that lack citation of authority [or] fail to structure an argument applying applicable law" are not in compliance with this Court's rules. Further, "[b]riefs with arguments that do not contain a citation to legal authority to support the argument presented and do not 'contain appropriate and specific citations to the record on appeal . . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief is inadequate, as it relates to his second assignment of error, as it fails to comply with the administrative order and the West Virginia Rules of Appellate Procedure.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

After receiving a referral that infant J.H. tested positive for opiates, methamphetamine, hydrocodone, roxicodone, oxycodone, and THC at birth, in September of 2016 the DHHR filed an abuse and neglect petition against petitioner and J.H.'s mother. In the petition, the DHHR alleged that the infant tested positive for several illegal substances at birth, a history of domestic violence between petitioner and the mother, and that petitioner failed to properly supervise his child. The DHHR further alleged that petitioner's home was extremely dirty and that he failed to provide the child with food, housing, and clothing.

Petitioner waived his preliminary hearing. Thereafter, the circuit court ordered both petitioner and the mother to be screened for the presence of illegal drugs. Petitioner admitted to use of Suboxone, but also tested positive for OxyContin and THC. Further, the circuit court ordered the DHHR to provide services to petitioner, including inpatient and outpatient rehabilitation services, parenting and adult life skills classes, domestic violence counseling classes, and bus passes. The circuit court also granted petitioner a preadjudicatory improvement period and ordered him to participate in the services offered by the DHHR and to be subject to random drug screens.

At the November of 2016 adjudicatory hearing, the evidence showed that petitioner tested positive for THC, methamphetamine, oxycodone, and buprenorphine. A Child Protective Services ("CPS") worker testified that petitioner failed to complete a series of safety plans instituted before the abuse and neglect petition was filed. CPS implemented these plans to resolve issues concerning the cleanliness of the home and a lack of utilities. Ultimately, the circuit court found that petitioner abused and neglected the child based on his drug use and history of domestic violence.

At the dispositional hearing, a CPS worker testified that both parents had participated in their services "to a certain point . . . oftentimes where they participated just enough to get by and then other times that they wouldn't . . . keep their appointments." The circuit court further found that petitioner continued to use illicit drugs throughout the proceedings and failed to take advantage of other services. Moreover, the circuit court found that petitioner failed to show any substantial improvement and that there was no likelihood that he would ever improve. By final order entered on January 23, 2017, the circuit court terminated petitioner's parental rights.[3] It is from the dispositional order that petitioner appeals.

---

[3]Both parents' parental rights to the child were terminated below. According to the DHHR and the guardian, the child was placed with his maternal grandmother. The permanency plan is adoption in the home.

2

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

On appeal, petitioner argues that the circuit court erred by not granting him an improvement period. However, the record on appeal indicates that petitioner was granted a preadjudicatory improvement period in October of 2016, and thus, was already granted the relief he now seeks on appeal. Because the relief petitioner seeks is unclear, we will address two possible arguments that require the use of two different standards. We believe petitioner is arguing that he should have been granted an extension of his preadjudicatory improvement period, or, alternatively, that he should have been granted an additional improvement period. We find no merit to either possible argument.

According to West Virginia Code § 49-4-610(6), a circuit court may extend an improvement period when, among other factors, "the court finds that the [parent] has substantially complied with the terms of the improvement period . . . ." As set forth above, petitioner failed to comply with the terms of his preadjudicatory improvement period. The record shows that petitioner did not attend all parenting classes, failed all of his drug screens throughout the proceedings, and failed to take advantage of other services. Therefore petitioner was not entitled to an extension of his preadjudicatory improvement period.

Further, West Virginia Code §§ 49-4-610(2)(D) and (3)(D) provide that a circuit court may grant a parent an additional improvement period following adjudication or at disposition if, "the [parent] demonstrates that since the initial improvement period, the [parent] has experienced a substantial change in circumstances. Further, the [parent] shall demonstrate that due to that change in circumstances, the [parent] is likely to fully participate in the improvement period . . . ." Also, we have often noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 778 S.E.2d 338 (2015) (stating that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589

3

(1996) (holding "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements").

Here, petitioner failed to satisfy the applicable burdens to receive a new improvement period because nothing in the record indicates that he filed a motion for a post-adjudicatory improvement period or post-dispositional improvement period. Further, other than his assertion that he "tried to participate" in the services ordered by the circuit court, petitioner did not present any evidence to show that he was likely to fully participate in an additional improvement period. The record is also clear that petitioner did not establish a substantial change in circumstances since his preadjudicatory improvement period. As stated above, petitioner failed all of his drug tests throughout the proceedings. Additionally, a CPS worker testified that petitioner failed to make any progress in his parenting and adult life skills classes. Petitioner's failure to comply with the terms and conditions of his preadjudicatory improvement period demonstrated that he was unlikely to fully comply with an additional improvement period. For these reasons, we find no error in the circuit court's finding that petitioner failed to show any substantial improvement or in denying petitioner an additional improvement period.

Finally, petitioner argues that the circuit court "failed to correctly order that the Department of Health and Human Resources provide all resources within their power." We do not agree. West Virginia Code § 49-4-604(b)(7) sets forth the situations in which the DHHR is absolved of its statutory duty to make reasonable efforts to preserve the family, none of which apply to the current matter. As such, the DHHR had a duty to make such efforts below. However, as stated above, the circuit court ordered the DHHR to provide services to petitioner, including inpatient and outpatient rehabilitation services, parenting and adult life skills classes, domestic violence counseling classes, and bus passes. Further, West Virginia Code § 49-4-610(4)(A) requires a parent that has been granted an improvement period be responsible for the initiation and completion of all terms of the improvement period. Here, the record clearly indicates that the DHHR offered services, but that petitioner either failed to take advantage of them or only participated sporadically. Therefore, we find no error by the circuit court to order adequate services.

For the foregoing reasons, we find no error in the decision of the circuit court, and its January 23, 2017, dispositional order is hereby affirmed.

Affirmed.

**ISSUED**:  September 5, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4